902 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Girolamo VITALE, Girolamo Vito Palazzolo, Defendants-Appellants.
 Nos. 89-1989, 89-1990.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Vitale, Palazzolo, and two other men were convicted of conspiracy to possess cocaine with intent to distribute. 21 U.S.C. Sec. 846 (Supp.1989). Vitale was also convicted of possession of cocaine with intent to distribute. 21 U.S.C. Sec. 841(a)(1) (Supp.1989). Vitale and Palazzolo raise several claims on appeal, none of which we conclude has any merit.
 
 
 2
 The district court did not abuse its discretion by denying the defendants' motions for separate trials. See Fed.R.Crim.P. 14. Persons who are jointly charged should be jointly tried, particularly in conspiracy cases. United States v. Gallo, 763 F.2d 1504, 1525 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986). A defendant who files a motion for severance under Rule 14 bears the burden of showing that his defense would be substantially prejudiced by a joint trial. It is not enough that the defendant show he would have a better chance of acquittal if tried separately; he must show that the jury could not be expected to consider only the evidence against him and render an impartial verdict. United States v. Martino, 648 F.2d 367, 385 (5th Cir.1981).
 
 
 3
 Both defendants were charged with participation and acts in furtherance of the same conspiracy. Count One of the indictment charged Vitale and Palazzolo with having conspired with the two other defendants to possess cocaine with intent to distribute. Count Three charged Vitale individually with possession of cocaine, a substantive act in furtherance of the conspiracy. See United States v. Alvarez, 755 F.2d 830, 857 (11th Cir.1985). The district court did not abuse its discretion by ruling that the defendants had failed to show that their defense would be substantially prejudiced by a joint trial.
 
 
 4
 There is nothing to Palazzolo's contention that the government violated the fifth amendment by charging him with both conspiracy to possess cocaine with intent to distribute and conspiracy to distribute cocaine. See also United States v. Murrow, 717 F.2d 800, 804 (3d Cir.1983) (single conspiracy may have many goals and objectives), cert. denied, 464 U.S. 1069 (1984).
 
 
 5
 Vitale asserts that the search warrant of his home was unconstitutionally broad because it authorized the search for items unrelated to the charges against him. All motions to suppress must be made in district court or the grounds therefor are waived. Fed.R.Crim.P. 12(b)(3) and 12(f). Because Vitale failed to raise a claim of vagueness below, he may not do so here. See United States v. Sachs, 801 F.2d 839, 846 (6th Cir.1986). We do not mean to suggest, however, that such a claim would have been meritorious if it had been timely raised.
 
 
 6
 The district court's decision to qualify F.B.I. agent Russo as an expert for purposes of translating taped conversations among the defendants from Sicilian into English was not clearly erroneous. See United States v. August, 745 F.2d 400, 407 (6th Cir.1984). Agent Russo was born in Sicily, where he lived until he was nine years old. He continued to speak Sicilian at home, married a woman born in Sicily, and speaks the language at home today. His proficiency in Sicilian has been certified by the Defense Language Institute, and he has given expert translations of Sicilian conversations in other drug prosecutions.
 
 
 7
 The defendants next object that the taped conversations are insufficient to support their convictions for conspiracy. Conspiracies are based on agreement, and inference of an agreement may be drawn if "there be concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose." United States v. Kiriki, 756 F.2d 1449, 1453 (9th Cir.1985). "Once a conspiracy is established, only slight evidence is necessary to connect a defendant with it." United States v. Votteller, 544 F.2d 1355, 1359 (6th Cir.1976).
 
 
 8
 This case demonstrates the wisdom of a deferential standard of review. The government's proof of conspiracy rests on the cumulative inferences drawn from 63 taped conversations, in a foreign language, with cryptic references to "pizzas," "bricks," "little breads," and "T-shirts" which the government asserts, and the jury believed, were code words for drugs and the proceeds of drug sales. The jury considered the tapes together with a large quantity of cocaine seized at Vitale's house and concluded that Vitale, Palazzolo, and the others had conspired to possess cocaine with intent to distribute it. From this evidence a rational trier of fact could have found the essential elements of guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 The defendants argue, finally, that the prosecutor improperly commented in his summation on their failure to testify. Upon review, we find that the prosecutor's remark was not "manifestly intended" to reflect on the defendants' silence; that it was the only objectionable reference in a very long summation; that there existed a wealth of evidence to support the jury's verdict; and that the court remedied any improper inferences the jury might have drawn from the prosecutor's comment with extensive and repeated curative instructions. See Hearn v. Mintzes, 708 F.2d 1072, 1077 (6th Cir.1983).
 
 
 10
 We AFFIRM the defendants' convictions.